IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN FRANCIS<br>(TDCJ No. 2253451),<br><br>          Petitioner,<br><br>V.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>          Respondent. | §<br>§<br>§<br>§<br>§<br>§  No. 3:20-cv-710-E-BN<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner John Francis, a Texas prisoner, filed a *pro se* application for writ of habeas corpus, collaterally attacking his 2019 Ellis County convictions for indecency with a child. *See* Dkt. No. 3.

His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court should dismiss the habeas application without prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

In his Section 2254 application, as initially filed, Francis outlined multiple grounds for relief but provided no facts in support of those claims. *See* Dkt. No. 3 at

6-7. The Court therefore entered a Notice of Deficiency and Order on March 27, 2020, advising Francis that his claims are conclusory,

> making his petition subject to summary dismissal. "[M]ere conclusory allegations do not raise constitutional issues in habeas proceedings." *E.g., Burris v. Director, TDCJ-CID*, No. 6:15cv1130, 2017 WL 7108081, at *3 (E.D. Tex. Oct. 11, 2018) (citing *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); citation omitted), *rec. adopted*, 2019 WL 291983 (E.D. Tex. Jan. 23, 2019). Accordingly, "under rule 2(c)(2) of the Rules Governing § 2254 cases, the petition for a writ of habeas corpus must 'state the facts supporting each ground' raised." *Id.* (citation omitted); *see also Taylor v. Maggio*, 581 F. Supp. 359, 363 (E.D. La. 1984) ("In order to avoid summary dismissal the petition must set out specific, substantive facts that enable the Court to determine that there is a real possibility that constitutional error has been committed." (citation omitted)).
> 
> Because Francis is proceeding *pro se*, the Court will afford him an opportunity to remedy this deficiency by filing an amended petition.
> 
> The Clerk of Court shall therefore mail a copy of this order to Francis along with a form petition for habeas corpus relief. Francis must complete the form petition (providing "specific, substantive facts" as to each claim); sign and date it; and return it to the Court no later than **April 27, 2020**. And he is WARNED that failure to comply with this order will result in a recommendation that the Court dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey an order of the Court.

Dkt. No. 6.

On April 10, 2020, Francis filed both an objection to the March 27 order and an amended petition. *See* Dkt. Nos. 7 & 8. Through both filings, he maintains "that he provided sufficient facts in support of his state habeas claims by way of 'unsworn declarations' attached to application to State's highest court." Dkt. No. 7 at 1; *see also* Dkt. No. 8 at 6-7 (again listing his grounds for relief and directing the Court to the state court record).

**Legal Standards and Analysis**

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may

summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes).

Rule 4's screening authority extends to petitions that do not comply with Rule 2(c)(2).

> "To allege a colorable claim, [a petitioner] must allege facts that, if true, would entitle him to relief." *West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010) (citing *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)). That is the standard applied to determine whether a habeas petition adequately states a claim.
>
> "Under [Federal Rule of Civil Procedure] 8(a), applicable to ordinary civil proceedings, a complaint need only provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' Habeas Corpus Rule 2(c) is more demanding." *Mayle v. Felix*, 545 U.S. 644, 655 (2005). "Habeas corpus petitions must meet heightened pleading requirements, *see* 28 U.S.C. § 2254 Rule 2(c) ... [f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face, *see* 28 U.S.C. § 2254 Rule 4." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rule 2(c)(2) requires that the petition "state the facts supporting each ground" for relief. "'[N]otice' pleading is not sufficient, for the petition is expected facts that point to a 'real possibility of constitutional error.'" Adv. Comm. Notes to Rule 4 of the Rules Governing Section 2254 Cases.
>
> "[C]onclusory statements are no substitute for proper allegations of fact showing [a constitutional violation]. Allegations of fact, rather than conclusions, are required." *Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970). Thus, the court may dismiss a ground which is presented as "a bare conclusion, unsupported by allegations of underlying fact."

*Shepherd v. Nelson*, 432 F.2d 1045, 1046 (9th Cir. 1970). *Navarro v. Ryan*, No. CV-12-01899-PHX-GMS (JFM), 2018 WL 6681867, at *3-*4 (D. Ariz. Jan. 12, 2018), *rec. adopted as modified*, 2018 WL 6667239 (D. Ariz. Dec. 19, 2018); *see also Glover v. Warden, London Corr. Inst.*, No. 17-3362, 2017 WL 8792664, at *3 (6th Cir. Oct. 11, 2017) ("Rule 2(c)(2) … requires a habeas petitioner to state the facts supporting each claim, and Rule 4 requires the district court to dismiss a petition if it plainly appears that the petitioner is not entitled to relief. Glover did not specify the factual basis for his second subclaim and therefore it was subject to dismissal under Rule 4 because it failed to show that Glover is entitled to relief."); *Ossenberg v. Atterbury-Brooks*, No. SACV 10-1133-JFW (MAN), 2010 WL 3928730, at *4 (C.D. Cal. Aug. 20, 2010) ("Summary dismissal under Rule 4 … is appropriate when the allegations in a petition are vague or conclusory." (citation omitted), *rec. adopted*, 2010 WL 3943650 (C.D. Cal. Oct. 6, 2010).

A habeas petitioner may not discharge his burden under Rule 2(c)(2) by directing the district court to the state court record, because "Rule 2(c) explicitly requires that a petitioner summarize the facts supporting each of the alleged grounds for relief" – thus, "general reference to the transcripts, case records, and briefs on appeal patently fails to comply with Rule 2(c)." *Adams v. Armontrout*, 897 F.2d 332, 333-34 (8th Cir. 1990) (holding "that in order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone,

whether the petition merits further habeas corpus review.")[1]; *cf. Castillo v. McCain*, Civ. A. No. 15-2376, 2017 WL 1232444 (E.D. La. Feb. 9, 2017) ("Mere reference in a federal petition to various state-court records or incorporating by reference grounds raised in attached exhibits is insufficient. It is neither required nor appropriate for a court to scour a state-court record to divine the issues that a petitioner is attempting to raise in his petition. Similarly, the Court need not in this case review old federal petitions – one of which was rejected for deficient pleading – in order to discern claims for inclusion here." (citations omitted)), *rec. adopted*, 2017 WL 1211610 (E.D. La. Apr. 3, 2017).

By merely directing the Court to his state habeas proceedings, without further explanation, Francis not only fails to comply with the pleading requirements imposed by the Federal Rules and the Habeas Rules, he also fails to advance reasons why the state-court determinations of his claims were unreasonable – the basis for granting federal habeas relief on claims already rejected on their merits by the state court.

---

[1] *See also id.* at 333-34 ("join[ing] the numerous federal courts which have repeatedly expressed their unwillingness to sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief. *See, e.g., Williams v. Kullman*, 722 F.2d 1048, 1051 (2d Cir. 1983) ('[d]espite our firm conviction that the pleading requirements in habeas corpus proceedings should not be overly technical and stringent, it would be unwise to saddle district judges with the burden of reading through voluminous records and transcripts in every case') … ; *Moore v. Swenson*, 361 F. Supp. 1346, 1351 (E.D. Mo. 1973) (court will not sift through brief filed before state supreme court and incorporated into habeas corpus petition to determine whether grounds exist for relief); *Passic v. Michigan*, 98 F. Supp. 1015, 1016-17 (E.D. Mich. 1951) ('[t]he law does not require, nor does justice demand, that a judge must grope through two thousand pages of irrational, prolix, and redundant pleadings ... in order to determine the grounds of petitioner's complaint').").

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins (and often ends) with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted).

Under AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Adekeye*, 938 F.3d at 682 ("Once state remedies are exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *see also Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2244(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court proceedings'").

The Court should therefore dismiss Francis's amended habeas application as

conclusory.

## Recommendation

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner John Francis's 28 U.S.C. § 2254 habeas application, as amended, without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 15, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE